1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER MULDREW,                    No. 1:22-cv-01041 KES GSA (PC)

12              Plaintiff,                    FINDINGS AND RECOMMENDATIONS

13        v.                                  ORDER RECOMMENDING THIS MATTER
                                              BE DISMISSED FOR FAILURE TO
14   O. MARROQUIN, et al.,                    PROSECUTE AND FOR FAILURE TO OBEY
                                              A COURT ORDER
15              Defendants.
                                              (ECF No. 13)
16
                                              PLAINTIFF'S OBJECTIONS DUE IN
17                                            FOURTEEN DAYS

18

19        Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this

20   civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United

21   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22        For the reasons stated below, the undersigned will recommend that this matter be

23   dismissed without prejudice for failure to prosecute and for failure to obey a court order. Plaintiff

24   will be given fourteen days to file objections.

25        I.    RELEVANT FACTS

26             A. Plaintiff Granted In Forma Pauperis Status

27        On August 18, 2022, Plaintiff's complaint was docketed in this Court. ECF No. 1. On

28   October 3, 2022, after Plaintiff had submitted a proper application to proceed in forma pauperis

1 (see ECF No. 7), Plaintiff was granted in forma pauperis status (see ECF No. 8).

2         B.  Plaintiff Files Notice of Change of Address With Court

3       On July 29, 2024, because a significant amount of time had passed since Plaintiff's

4 complaint had been docketed in this Court in August of 2022, prior to screening Plaintiff's

5 complaint, the Court ordered Plaintiff to file an updated change of address with the Court.  ECF

6 No. 11 (minute order).  The same day, coincidentally, a notice of change of address that Plaintiff

7 had filed with the Court was docketed.  ECF No. 12.  The address in Plaintiff's notice appeared to

8 be residential, indicating that Plaintiff was no longer incarcerated.  See id.

9       On August 9, 2024, the minute order that had directed Plaintiff to file a notice of current

10 address with the Court – which had been sent to Plaintiff's last prison address – was returned to

11 the Court marked "Undeliverable, Return to Sender, Paroled."  See 8/9/24 (docket entry).  As a

12 result, the Court's minute order was re-sent to Plaintiff at the new residential address that Plaintiff

13 had recently provided to the Court.

14         C.  Plaintiff Ordered to File Non-Prisoner In Forma Pauperis Application

15       On June 30, 2025, because Plaintiff was no longer incarcerated, the Court issued an order

16 which directed Plaintiff to file a non-prisoner application to proceed in forma pauperis.  ECF No.

17 13.  Plaintiff was given seven days to comply with the Court's order.  Id. at 2.

18       More than seven days have passed and Plaintiff has not filed a non-prisoner in forma

19 pauperis application, nor has he filed a request for an extension of time to do so.  Plaintiff has not

20 responded to the Court's order in any way.  In addition, the Court notes for the record that its

21 order has not been returned to it marked, "Undeliverable," or "Return to Sender," either.

22      II.   APPLICABLE LAW

23         A.  New In Forma Pauperis Application Required Upon Release From Prison

24       "[A] released prisoner may proceed in forma pauperis upon satisfying the poverty

25 provisions applicable to non-prisoners."  DeBlasio v. Gilmore, 315 F.3d 396, 398-99 (4th Cir.

26 2003) (brackets added) (collecting cases); McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 29, 30

27 (2d Cir. 1996); see In re Prison Litigation Reform Act, 105 F.3d 1131, 1139 (6th Cir. 1997)

28 (stating upon release, obligation to pay remainder of fees to be determined solely on question of

whether individual qualifies for pauper status.  Upon release from prison, a former inmate must file an updated in forma pauperis application if he wishes to continue with in forma pauperis status.  See Adler v. Gonzalez, No. 1:11-cv-1915-LJO-MJS (PC), 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015), report and reco. adopted, 2015 WL 4668668 (E.D. Cal. Aug. 6, 2015) (stating updated in forma pauperis application required if plaintiff wishes to continue with in forma pauperis status); Webb v. Lambert, No. CV 12-00041-H-DLC, 2012 WL 5931889, at *1 (D. Mont. Aug. 29, 2012) (citing DeBlasio, 315 F.3d at 399).

B.  Federal Rule of Civil Procedure 41(b) and Local Rules 110

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or if he fails to comply with a court order.  See Fed. R. Civ. P. 41(b).  Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order.  L.R. 110.

C.  Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order.  It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

III.  DISCUSSION

A.  Rule 41(b) and Local Rule 110 Support Dismissal of This Case

Plaintiff was proceeding with in forma pauperis status while he was incarcerated.  See ECF No. 8 (order granting Plaintiff in forma pauperis status).  As a result, once he was released from prison, in order to continue to proceed with this case with in forma pauperis status, Plaintiff was required either to complete and file an application to proceed in forma pauperis for non-

3

1    prisoners, or to pay the remainder of the filing fee in full.

2          To date, Plaintiff has neither filed the non-prisoner in forma pauperis application with the

3    Court nor paid what remains of the filing fee.  Plaintiff has not responded to the Court's order in

4    any way, nor has the Court's order been returned indicating that Plaintiff is no longer living at the

5    last residential address that he provided to the Court.

6          It is well-settled that mail delivered is presumed to have been received.  See Hagner v.

7    United States, 285 U.S. 427, 430–31 (1932) (stating mail put in post office is presumed received

8    and citing Rosenthal v. Walker, 111 U.S. 185, 193 (1884)); see also Nunley v. City of Los

9    Angeles, 52 F.3d 792, 796 (9th Cir. 1995).  This being the case, the Court is free to presume that

10   Plaintiff received its order that directed him to file a non-prisoner in forma pauperis application

11   with the Court, but that Plaintiff has simply chosen to ignore the Court's order and in so doing he

12   has effectively abandoned this case.  Thus, these facts warrant a dismissal of this matter in accord

13   with Rule 41(b) and Local Rule 110.

14                     B.  Application of Malone Factors Supports the Dismissal of This Case

15                          1.  Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

16         Plaintiff has been given more than ample time to file a non-prisoner in forma pauperis

17   application with the Court.  Yet, he has failed to respond to that order of the Court or requested an

18   extension of time to do so, nor has he contacted the Court to provide exceptional reasons for not

19   having done so.

20         The Eastern District Court has an unusually large caseload.[1]  "[T]he goal of fairly

21   dispensing justice . . . is compromised when the Court is forced to devote its limited resources to

22   the processing of frivolous and repetitious requests."  Whitaker v. Superior Court of San

23   Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that

---

[1]  The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation.  See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit.").  This problem is compounded by a shortage of jurists to review its pending matters.  See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

4

keeping this case on the Court's docket when Plaintiff has not attempted to respond to the Court's non-prisoner in forma pauperis order – even though, presumably, he has received it[2] – is not a good use of the Court's already taxed resources.  Indeed, keeping this matter on the Court's docket would stall a quicker disposition of this case.  Additionally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter.

### 2.  Risk of Prejudice to Defendants

Furthermore, because viable Defendants have yet to be identified and served in this case, they have not put time and effort into defending against it.  As a result, there will be no prejudice to them if the matter is dismissed.  On the contrary, dismissal will benefit any potentially viable Defendants because they will not have to defend themselves against Plaintiff's complaint.

### 3.  Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that it has been over a month since the Court ordered Plaintiff to file the non-prisoner in forma pauperis application, and it has had no response from Plaintiff during that period, there is no less drastic option than dismissal.  Although the disposition of cases on their merits is preferred, this matter cannot be prosecuted if Plaintiff persists in not responding to the most basic of court orders, nor can it be disposed of on its merits.

## IV.  CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rule 110, and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to prosecute and for failure to obey a court order.  Plaintiff will be given fourteen days to file objections to this order.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice

---

[2]  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

1    for failure to prosecute and for failure to obey a court order.

2            These findings and recommendations are submitted to the United States District Judge

3    assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

4    after being served with these findings and recommendations, Plaintiff may file written objections

5    with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

6    and Recommendations," and it shall not exceed fifteen pages.

7            The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff

8    wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by

9    its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed

10   in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the

11   28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  Plaintiff's failure to file

12   objections within the specified time may result in the waiver of certain rights on appeal.  _See_

13   Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th

14   Cir. 1991).

15

16   IT IS SO ORDERED.

17        Dated:  __**August 4, 2025**__                 _____**/s/ Gary S. Austin**_____
                                                         UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

6